JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Fred Simonson, appeals from his conviction for one count of menacing by stalking, a violation of R.C. 2903.211(A)(1). In his single assignment of error, he argues that his conviction was contrary to the manifest weight of the evidence. We disagree.
Simonson had been previously convicted of menacing by stalking the same victim, Edina Davidson, on June 25, 2003. Davidson testified that soon after his release from jail on February 18, 2004, Simonson continued to attempt to contact her and eventually confronted her at a gas station owned by her boyfriend, where Simonson made an obscene gesture in her face and said, "Fuck you, bitch." According to Davidson, she feared that Simonson would attempt to kill her, and she had begun to sleep at night with a shotgun in her bed. Simonson, who described himself as having an attention-deficit disorder as a result of being assaulted by a baseball bat, claimed that Davidson had deceptively enticed him to give her $5,000 on the pretext that her cancer-stricken mother was about to be evicted. Davidson denied ever soliciting money from Simonson. Simonson also testified that his encounter with Davidson at the gas station was totally inadvertent because he had gone there only to purchase some chewing gum. He denied confronting Davidson in the store, although Davidson's boyfriend, the owner, corroborated Davidson's version of the incident.
In order to reverse on a weight-of-the-evidence challenge, a reviewing court must conclude that the trier of fact either lost its way or committed a manifest miscarriage of justice. State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. Although we are allowed to sit as a "thirteenth juror" and to disagree with the fact finder's resolution of disputed facts, our power to reverse is limited to the exceptional case in which the evidence weighs heavily against the conviction. Id. at 387,678 N.E.2d 541.
Having reviewed the record, and being struck by Simonson's obvious lack of credibility on cross-examination, we are convinced that this is not the exceptional case requiring reversal.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.